IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLENE GREEN, individually and as Administratrix of the ESTATE OF JULIUS S. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., HERMAN M. ELLIS, M.D., DANA METZGER, and MARC RICHMAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 21-660-MN-SRF |

## MEMORANDUM ORDER

At Wilmington this **23rd** day of **November, 2021,** the court having considered plaintiff Charlene Green's ("Green") motion to stay the case against defendants Connections Community Support Programs, Inc. ("CCSP") and Herman M. Ellis, M.D. ("Dr. Ellis"), and accept an affidavit of merit[1] as timely filed *nunc pro tunc* (D.I. 14),[2] IT IS HEREBY ORDERED that

---

[1] In Delaware, medical negligence is governed by the Delaware Health Care Negligence Insurance and Litigation Act, 18 *Del. C.* §§ 6801-6865, and requires a party alleging medical negligence to produce an affidavit of merit with expert medical testimony. *See Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003).

[2] The briefing for the pending motion is as follows: Plaintiff's motion and opening brief (D.I. 14), Dr. Ellis' answering brief (D.I. 15), and Plaintiff's reply brief (D.I. 23). The parties title the motion and briefing as follows: "Plaintiff's Motion Concerning Defendant Herman M. Ellis's Motion to Dismiss," "Herman M. Ellis, M.D.'s Opposition to Plaintiff's Motion Concerning Defendant Herman M. Ellis's Motion to Dismiss," and "Plaintiff's Reply Brief to Defendant Ellis' July 5, 2021 Answering Brief." The parties are far from clear in identifying Plaintiff's request for affirmative relief. Plaintiff points to Fed. R. Civ. P. 7(b) as the basis for relief. However, Rule 7(b) only relates to the Form of Motions, not substantive relief. Despite this murky nomenclature, the court treats Plaintiff's motion as a motion to stay and a motion for an extension of time to file the affidavit of merit *nunc pro tunc*. *See* Fed. R. Civ. P. 6(b) (extension of time limits).

Green's motion to stay is GRANTED and, accordingly, Green's motion for an extension of time to submit the affidavit of merit is DENIED WITHOUT PREJUDICE to renew at such time after the 11 U.S.C. § 362(a) stay is lifted.[3]

**1. Background.** On March 23, 2021, Green, individually and as Administratrix of the Estate of her son, Julius S. Johnson ("Johnson"), initiated this action in Delaware Superior Court, C.A. No. K21C-03-034 JJC, against defendants CCSP, Dr. Ellis, Dana Metzger ("Metzger"), and Marc Richman ("Richman"). (D.I. 1, Ex. A) On May 6, 2021, defendants Metzger and Richman (collectively, "DOC Defendants") filed a notice of removal to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. (D.I. 1, Ex. D)

**2.** The complaint asserts claims for failure to provide necessary medical treatment in violation of the Eighth Amendment and 42 U.S.C. § 1983, and medical negligence resulting in Johnson's death on July 4, 2019, when he was housed as a pretrial detainee at James T. Vaughn Correctional Center ("JTVCC"). (D.I. 1, Ex. A) To the extent Green alleges medical negligence under Delaware state law, Green did not file an affidavit of merit along with the complaint filed in Delaware Superior Court on March 23, 2021, as required by 18 *Del. C.* § 6853(a)(1). Green subsequently filed an affidavit of merit on May 13, 2021. (D.I. 7) While Dr. Ellis objects to the court ruling that the affidavit is timely, Green asserts that DOC Defendants do not object. (D.I. 15; D.I. 14 ¶ 5)

---

[3] The DOC Defendants filed a motion to dismiss on May 12, 2021. (D.I. 3) Also on May 12, 2021, Defendant Dr. Ellis filed a motion to dismiss incorporating the arguments of DOC Defendants in addition to arguments specific to the claims asserted against him, primarily Plaintiff's failure to attach an affidavit of merit to the complaint. (D.I. 5) The court concurrently issued a Report and Recommendation addressing the DOC Defendants' motion to dismiss. However, due to the bankruptcy stay, the court denied Dr. Ellis' motion to dismiss, without prejudice to renew.

2

3. Defendant CCSP filed for Chapter 11 bankruptcy on April 19, 2021 and filed a Suggestion of Bankruptcy in Delaware Superior Court on April 28, 2021. (D.I. 1, Ex. C) On June 25, 2021, Green filed the motion to stay currently before the court. (D.I. 14) Defendant CCSP filed a Suggestion of Bankruptcy in this court on July 30, 2021, after the case was removed.[4] (D.I. 21)

4. **Legal Standard.** Pursuant to 11 U.S.C. § 362(a), the filing of a voluntary petition under Chapter 11 operates as an automatic stay to legal proceedings against the entity and its employees. Specifically, Section 362(a)(1) stays "the commencement or continuation…of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Although the language of Section 362(a)(1) appears to stay actions only against the "debtor," courts have extended the automatic stay to nonbankrupt codefendants in "unusual circumstances" where "actions against the debtor and arguably against those whose interests are so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986); *See also McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 510 (3d Cir. 1997).

5. Furthermore, under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Pursuant to the court's equitable powers under Section 105, "the Court may issue or extend stays to enjoin a variety of proceedings [including discovery against the debtor or its officers and employees]

---

[4] Subsequent to filing its Suggestion of Bankruptcy, CCSP's bankruptcy converted from Chapter 11 to Chapter 7 on September 27, 2021. (*See* 21-10723-MFW, Bankr. Docket No. 537)

which will have an adverse impact on the Debtor's ability to formulate a Chapter 11 plan." *A.H. Robins Co.*, 788 F.2d at 1001 (*quoting In re Johns-Manville Corp.*, 40 B.R. 219, 225-26 (S.D. N.Y. 1984)).

6. **Analysis.** Green requests that this court both accept the affidavit of merit filed on May 13, 2021 as timely and stay this case against defendants CCSP and Dr. Ellis until the Section 362(a) stay is lifted. (D.I. 14) Green asserts that she inadvertently omitted filing the affidavit of merit with the complaint on March 23, 2021, but that the Superior Court Prothonotary should have refused the complaint pursuant to 18 *Del. C.* § 6853(a)(3). (*Id.* at ¶ 1) Green further asserts that, had the complaint been refused, she could have remedied the issue by refiling the complaint in Delaware Superior Court or by filing a separate civil complaint with the affidavit of merit once the case was removed to this court. (*Id.* at ¶ 3) Additionally, Green argues that, but for the stay in this case, she could have filed an amended complaint. (*Id.*) Regardless, Green asserts that the statute of limitations had not run by the time she filed the affidavit of merit on May 13, 2021. (*Id.* at ¶ 2)

7. Green contends that the case should be stayed as to CCSP and Dr. Ellis. (D.I. 14) Green argues that Dr. Ellis was an agent or employee of CCSP, and CCSP was ultimately responsible for Dr. Ellis' medical treatment of Johnson. (D.I. 1, Ex. A at ¶¶ 16-18; D.I. 14 at ¶ 2; D.I. 23 at 1) Therefore, the filing of CCSP's voluntary petition under Chapter 11 operates as a stay of the litigation as to CCSP and Dr. Ellis. (*Id.*)

8. In response, Dr. Ellis first argues that, to the extent Green alleges medical negligence, Green violated 18 *Del. C.* § 6853(a)(1) because she failed to submit an affidavit of merit upon filing the complaint. (D.I. 15 at ¶¶ 12-14) Dr. Ellis also argues that Green's motion to stay is a procedurally improper sur-reply to his motion to dismiss because it does not address any new

4

issues or legal bases first asserted in Dr. Ellis' reply brief and Green failed to file the required motion for an extension of time by which to file the late affidavit of merit. (*Id.* at ¶¶ 6-12)

**9.** Dr. Ellis next argues that the bankruptcy stay applies only to CCSP. (*Id.* at ¶ 17) Dr. Ellis, however, does not address application of the stay to CCSP employees, such as himself. Instead, he simply asserts that the bankruptcy stay in its present form does not apply to him. (*Id.*) Dr. Ellis also notes that Green waited nearly two months after CCSP filed a Suggestion of Bankruptcy to file the motion to stay, which allowed full briefing on the merits of her complaint. (*Id.* at ¶¶ 21-22) Dr. Ellis is amenable to staying the litigation against him, but requests that the court first rule on his pending motion to dismiss. (*Id.* at ¶ 23; *see* D.I. 5)

**10.** Pursuant to Section 362(a), the filing of CCSP's voluntary petition under Chapter 11 operates as a stay to legal proceedings against CCSP and its employees. (D.I. 1, Ex. C) Green's complaint, motion, and reply brief allege that Dr. Ellis was an agent or employee of CCSP. (D.I. 1 at ¶¶ 16-18; D.I. 14 at ¶ 2; D.I. 23 at 1) Despite these references to his employment, Dr. Ellis does not address or dispute in his answering brief whether he was a CCSP employee. This is not the first time Dr. Ellis has been named a defendant as an employee of CCSP in a civil rights case brought by a state prison inmate. *See, e.g., Evans v. Sexton*, C.A. No. 16-598-RGA, 2020 WL 1814772, at *1 (D. Del. Apr. 9, 2020) (civil rights and medical negligence action brought against Dr. Ellis and co-defendants employed by CCSP, however, the state law medical negligence count against the defendant doctors employed by CCSP was ultimately dismissed without opposition by the plaintiff due to the lack of an affidavit of merit). Moreover, accepting the allegations in the complaint as true, Dr. Ellis was a CCSP employee at all times relevant to the suit. As a CCSP employee, Dr. Ellis' interests are intimately intertwined with those of CCSP, and discovery against Dr. Ellis has the potential to adversely impact CCSP's bankruptcy proceedings.

*See A.H. Robins Co.*, 788 F.2d at 1001.  Thus, Sections 362(a) and 105(a) extend CCSP's automatic stay to its employees, including Dr. Ellis.

    **11. Conclusion.**  For the foregoing reasons, Green's motion to stay this case against defendants CCSP and Dr. Ellis is GRANTED until the Section 362(a) stay is lifted.  (D.I. 14)  Both Dr. Ellis' pending motion to dismiss (D.I. 5) and Green's motion for the court to accept the affidavit of merit as timely (D.I. 14) are DENIED WITHOUT PREJUDICE to renew at such time after the Section 362(a) stay is lifted.

    **12.**  This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order.  Fed. R. Civ. P. 72(a).  The objections and responses to the objections are limited to four (4) pages each.

    **13.**  The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

/s/ Sherry R. Fallon
Sherry R. Fallon
United States Magistrate Judge

6